```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIE BENTLEY, JR.,

                      Plaintiff,              12-CV-6586T

         v.                                   **DECISION**
                                              **and ORDER**
MOBIL GAS STATION, PETER BRUCKEL, AND
RON MARTY,

                      Defendants
_____
```

                          INTRODUCTION

    Plaintiff Willie Bentley, Jr., ("Bentley") an African-American, brings this action pro se pursuant to 42 U.S.C. § 1981, claiming that the defendants illegally discriminated against him on the basis of his race.  Specifically, Bentley claims that he was told by an employee of a Mobil gas station located in Geneseo, New York, that he was banned as a customer from the store.  Plaintiff claims that he was the only African-American in the store at the time he was told he was banned from the store, and therefore he was discriminated against.

    Defendants move to dismiss plaintiff's Complaint on grounds that plaintiff has failed to state a claim of discrimination. Specifically, defendants contend that plaintiff has failed to allege that there was any racial motivation for the alleged ban, and that there is no evidence that plaintiff was actually banned from the store. Plaintiff has not opposed the defendants' motion to dismiss.

For the reasons set forth below, I grant defendants' motion to dismiss plaintiff's Complaint.

BACKGROUND

Plaintiff Willie Bentley, Jr., claims that on October 6, 2012, he was a customer at a Mobil gas station located in Geneseo, New York, owned by defendant Peter Bruckel ("Bruckel"). Bentley claims that he bought a lottery ticket at the store, and that when he later attempted to cash in the winning ticket with a different cashier, he was told by that cashier, defendant Ron Marty ("Marty"), that he had been "banned" from the store and therefore Marty would not cash his ticket. Bentley and Marty argued as to whether or not he was banned, and eventually Marty cashed Bentley's lottery ticket.

According to Bentley, he was upset at being told that he was banned from the store, and on October 7, 2012, he discussed the incident with an assistant manager at the Mobil station. According to the Complaint, the assistant manager told Bentley that store customers were to be served before lottery customers. Bentley claims that he expressed his disagreement with this policy, and told the manager that customers should be served on a first-come first-served basis. The assistant manager then allegedly accused Bentley of having an "attitude" when he comes into the store and demanding to be served immediately when entering the store. Bentley allegedly told the assistant manager that he simply expected to be treated like everyone else, and ended the conversation.

2

On October 8, 2012, two managers called Bentley and asked him to come to the store to discuss the incident that had taken place on October 6, 2012.  Bentley came to the store, and the three discussed what had occurred.  Bentley told the managers that as a customer of the store for 15 years, they should have come to him first to discuss any complaints they had regarding his alleged behavior.  Thereafter, on October 31, 2012, Bentley filed the instant Complaint claiming that he was discriminated against when he was told that he was banned from the store.  Plaintiff has not alleged that he continues to be banned from the store, and indeed, indicates in his Complaint that he was invited to return to the store to discuss the October 6, 2012 incident.  Moreover, according to the Complaint, Bentley has not been banned from another store owned by defendant Bruckel.

## DISCUSSION

### I.   Standard for Motion to Dismiss

In reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept...all factual allegations in the complaint and draw...all reasonable inferences in the plaintiff's favor." See Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.2008) (internal quotation marks omitted). In order to withstand dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007) (disavowing the oft-quoted statement from Conley

3

v. Gibson, 355 U.S. 41 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." See id. at 1965 (internal quotation marks omitted). Moreover, conclusory allegations are not entitled to any assumption of truth, and therefore, will not support a finding that the plaintiff has stated a valid claim. Hayden v. Patterson, 594 F.3d 150, 161 (2nd Circ., 2010). Thus, "at a bare minimum, the operative standard requires the 'plaintiff [to] provide the grounds upon which his claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" See Goldstein v. Pataki, 516 F.3d 50, 56-57 (2d Cir.2008) (quoting Twombly, 127 S.Ct. at 1974).

  II. Plaintiff has failed to state a cause of action under § 1981.

42 U.S.C. § 1981 provides in relevant part that: "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ."

4

42 U.S.C.A. § 1981 (1994).  To state a claim under § 1981, "a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant, and (3) the discrimination concerned one or more of the activities enumerated in the statute . . . ."  Mian v. Donaldson, Lufkin & Jenrette Securities, 7 F.3d 1085 (2nd Cir. 1993) (citation omitted). "Essential to an action under section 1981 are allegations that the defendants' acts were purposefully discriminatory and racially motivated."  Albert v. Carovano, 851 F.2d 561, 571 (2nd Cir. 1988) (citations omitted).

In the instant case however, there is simply no allegation that any defendant was motivated by a racial animus.  Based on the facts as set forth in the Complaint, Bentley had been a patron of the Mobil gas station owned by Bruckel for 15 years, with no allegations that he had been discriminated against or denied service in any way.  With respect to the October 6, 2012 incident, there is no allegation or evidence suggesting that Bentley had been told he was banned from the store because of his race.  Rather, it appears from the allegations set forth in the Complaint that the defendants allegedly did not like the way Bentley comported himself while in the store.  Indeed, the plaintiff and representatives of the defendants had discussions over the course of three days, all taking place at the Mobil gas station, discussing plaintiffs alleged behavior.  There is no allegation that plaintiff's race was

mentioned during any of these discussions, nor is there any allegation that plaintiff's race was discussed at anytime during his 15 years as a patron of the store. Additionally, although plaintiff claims in the Complaint that he was banned from the store, he admits that he did receive service after allegedly being told he was banned, and returned to the store the next two days. There is no claim that plaintiff has actually been banned from the Mobil gas station or any other store owned by the defendant. Nor does plaintiff claim that any other African-American has been banned from the Mobil store. Because the Complaint fails to set forth a plausible claim that Bentley was discriminated against because of his race, I grant defendants' motion to dismiss plaintiff's Complaint.

## CONCLUSION

For the reasons set forth above, I find that plaintiff has failed to state a cause of action for discrimination under 42 U.S.C. § 1981. I therefore grant defendants' motion to dismiss the Complaint.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         April 15, 2014

6